SHEDD, Circuit Judge,
concurring in the judgment:
Because, at this early stage, I do not believe deciding Peter Taylor’s case will cause the Court to “inevitably be drawn into a reconsideration of military decisions,” Lane v. Halliburton Corp., 529 F.3d 548, 563 (5th Cir.2008), I am not convinced that the political question doctrine applies in this ease. See also McMahon v. Presidential Airways, Inc., 502 F.3d 1331, 1365 (11th Cir.2007) (same). I concur in the judgment, however, because I agree that the district court correctly dismissed Taylor’s negligence claim.
For the reasons stated in Saleh v. Titan Corp., 580 F.3d 1 (D.C.Cir.2009), and in Al Shimari v. CACI International, 658 F.3d 413 (4th Cir.2011) and Al-Quraishi v. L-3 Services, Inc., 657 F.3d 201 (4th Cir.2011)—and also as found by the district court — I believe that Taylor’s claim is, displaced by the uniquely federal interests in this case represented by the Federal Tort Claims Act’s combatant activities exception, 28 U.S.C. § 2680(j). Under this approach, “where a civilian contractor is integrated into wartime combatant activities over which the military broadly retains command authority, tort claims arising out of the contractors’ engagement in such activities are preempted.” Al Shimari, 658 F.3d at 420. “Combatant activities” include “activities both necessary to and in direct connection with actual hostilities,” Johnson v. United States, 170 F.2d 767, 770 (9th Cir.1948), a standard satisfied here.